IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAIMLER VANS USA, LLC,**

    Plaintiff,

                                                              Civil Action 2:22-cv-2910
                                                               Judge James L. Graham

        v.                                                      Magistrate Judge Elizabeth P. Deavers

**FYDA FREIGHTLINER
CINCINNATI, INC.,** *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of several discovery-related Motions: (1) Defendants and Counterclaim Plaintiffs' Motion for Telephone Conference to Compel Discovery, ECF No. 31 (the "Motion to Compel"); (2) Daimler Vans USA LLC's Motion for a Protective Order, ECF No. 44 (the "Motion for Protective Order"); (3) Non-Party Mercedes-Benz USA, LLC's Motion to Quash Defendants' Subpoena, ECF No. 45 (the "Motion to Quash"); and (4) Plaintiff Daimler Vans USA, LLC's Motion for Leave to File Supplemental Memorandum Discussing New Authority in Further Support of its Motion for Protective Order and Response to Defendants' Motion to Compel, ECF No. 72 (the "Motion for Leave to File Supplemental Authority").

For the following reasons, the Motion to Compel (ECF No. 31) is **DENIED**; the Motion for Protective Order (ECF No. 44) is **GRANTED**; the Motion to Quash (ECF No. 45) is **GRANTED**; and the Motion for Leave to File Supplemental Authority (ECF No. 72) is **GRANTED**.

I.

These discovery disputes arise out of Defendants'[1] attempts to obtain information and documents related to non-party Mercedes-Benz, USA LLC ("Mercedes-Benz"), including Mercedes-Benz's "Sprinter" van and the Mercedes-Benz Commercial Vehicle network. On October 21, 2022, Fyda served discovery requests seeking, in relevant part, information and documents regarding Daimler's annual sales of Sprinter commercial vans, average financial or performance data of Sprinter dealers, acquisitions of Sprinter commercial van dealerships, and production plans for Sprinter commercial vans. (ECF No. 31 at PAGEID # 141.) On December 16, 2022, Daimler responded to these discovery requests. (*Id.* at PAGEID # 142.) According to Fyda, Daimler's responses were inadequate, because Daimler "consistently refused to provide any information or documents relating to Sprinter commercial vans or franchises beyond December 31, 2021." (*Id.* at PAGEID ## 142-143.) Fyda insists that their requests regarding Mercedes-Benz are "relevant to the central question in this case regarding the fair market value of Fyda's Sprinter franchises." (*Id.* at PAGEID # 143.)

On the other hand, Daimler submits that "[t]he sole issue in this case is the fair market value of Fyda's Freightliner Sprinter franchises as of a statutorily-mandated date certain," and it characterizes Fyda's discovery requests as seeking "large swaths of irrelevant and unduly burdensome information." (ECF No. 44 at PAGEID # 257.) First, Daimler submits that under the relevant statutes for determining the fair market value of Fyda's Freightliner Sprinter franchises, "the information sought . . . regarding events and information arising after [] September 16, 2021 is so wholly irrelevant to the calculations at issue that it would be

---

[1] For ease of reference, the Court will hereafter refer to Plaintiff as "Daimler" and Defendants as "Fyda."

2

inappropriate to allow discovery into these matters." (*Id.* at PAGEID ## 262-263.) Daimler also relies on this Court's previous ruling in a related case, *Fyda Freightliner Cincinnati, Inc. v. Daimler Vans USA LLC*, No. 2:21-cv-05077, 2022 WL 2073394 (S.D. Ohio June 9, 2022) ("*Fyda I*"), in which the Court distinguished Mercedes-Benz's Sprinter van from Daimler's Freightliner Sprinter van, to argue that information regarding the Mercedes-Benz Sprinter van is not relevant. (*See id.* at PAGEID ## 263-264.) Finally, Daimler argues that Fyda's discovery requests are unduly burdensome because "responding to these demands would involve a minimum of 40 to 60 hours of company time for one set of documents [] and over 1,000 hours of company time for the other sets of documents." (*Id.* at PAGEID # 264.) For those reasons, Daimler seeks a protective order prohibiting Fyda from taking such discovery.

Separately, but related to Daimler's Motion for Protective Order, non-party Mercedes-Benz also moved to quash a subpoena from Fyda on similar grounds. (ECF No. 45.) In support, Mercedes-Benz also relies, in large part, on this Court's ruling in *Fyda I*, arguing that "[t]his Court has already held that the [Fyda] Freightliner Sprinter and the Mercedes-Benz Sprinter were part of separate line-makes, because Fyda had already litigated that question and lost." (*Id.* at PAGEID # 371.)

Finally, after these discovery motions were fully briefed, Daimler filed the Motion for Leave to File Supplemental Authority, generally arguing that an April 12, 2023 order from the United States District Court for the Western District of Wisconsin is "dispositive" of the other pending motions in this matter. (ECF No. 72.) Fyda responded in opposition to the Motion for Leave to File Supplemental Authority, generally arguing that the other order "has no bearing on this matter" and that "[t]his Court is fully equipped with 8 briefs to rule on the outstanding motions." (ECF No. 74.)

3

II.

Fyda moves to compel discovery under Federal Rule of Civil Procedure 37, which permits a party to file such a motion if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). Here, the Court is satisfied that this prerequisite has been satisfied, as the Court discussed these issues with the parties during Status Conferences on January 26, 2023 and February 21, 2023, before ordering the subject briefing.

Separately, Daimler moves for a protective order under Rule 26(c)(1), which provides in pertinent part: "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). The decision to issue a protective order is left to "the broad discretion of the district court in managing the case." *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 903–04 (6th Cir. 2009) (quoting *Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212, 218 (6th Cir. 1989)). "To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Finally, non-party Mercedes-Benz seeks to quash a subpoena under Rule 45, which governs third-party subpoenas.  Under Rule 45, parties may command a nonparty to, *inter alia,* produce documents.  Fed. R. Civ. P. 45(a)(1).  Rule 45 further provides, however, that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  Courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26."  *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).

Determining the scope of discovery is within the Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (citation omitted).  Unless the court orders otherwise, the scope of discovery is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The Court can, and indeed must, limit the frequency or extent of discovery "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  *Planned Parenthood Sw. Ohio Region v. Hodges*, No. 1:15-CV-00568, 2019 WL 13044827, at *2 (S.D. Ohio Mar. 31, 2019) (citing Fed. R. Civ. P. 26(b)(2)(C)).  The Court also has discretion to limit the scope of discovery by issuing protective orders, for good cause shown, forbidding the requested discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citation omitted). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868, at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

"[T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)). This Court has previously held that "[t]hese factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting 'their original place in defining the scope of discovery'" because "'restoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano*, 2015 WL 8259548, at *5 (citing Fed. R. Civ. P. 26(b)(1)). In analyzing the extent of the burden on the producing party, the Court of Appeals for the Sixth Circuit "has held that limiting the scope of discovery is appropriate when compliance

'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Id.* (citing *Surles*, 575 F.3d at 305) (emphasis in original).

### III.

The Court believes it is best to start with the most recent pending motion, the Motion for Leave to File Supplemental Authority. Courts may grant parties leave to file supplemental authority "in the interests of justice when the proposed submission contains 'new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence' when the original briefs were filed." *Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 2664415, at *5 (S.D. Ohio Mar. 28, 2023) (citations omitted). Here, Daimler has identified new authority published on April 12, 2023 – nearly a month after the other pending motions were fully briefed. (ECF No. 72.) Accordingly, for good cause shown, that Motion (ECF No. 72) is **GRANTED** pursuant to Local Rule 7.2(a)(2).

The Court feels compelled to begin with this supplemental authority because, while not binding on this Court, the United States District Court for the Western District of Wisconsin's recent decision in *Daimler Vans USA LLC v. River States Truck and Trailer, Inc.*, No. 3:22-cv-00403-JDP (W.D. Wis. Apr. 12, 2023) ("*River States*") is **directly** on point to the issues pending before this Court. In that ongoing case, as here, Daimler is litigating the fair market value of a Freightliner Sprinter dealership and sought a protective order from Defendant's discovery demands relating to Mercedes-Benz Sprinters. (*See* ECF No. 72-2.) The defendant in that case, River States Truck and Trailer, Inc. ("River States"), is distinct from Fyda. The dispute, however, involved substantially similar issues and River States' opposition to Daimler's Motion for a Protective Order echoed Fyda's arguments in this Court.

7

The *River States* Court rejected those arguments, however, and granted Daimler's Motion for Protective Order in unequivocal terms: "I will cut to the chase, Daimler Vans is right, River States is wrong." (*Id.* at PAGEID # 1013.) That Court also commented that "[i]t seems that River States has yet to accept" the ruling in an earlier case between Daimler and River States, in which the Western District of Wisconsin (like this Court) previously found that Daimler's Freightliner Sprinters "are part of a separate line-make than the Mercedes-Benz Sprinters distributed by Mercedes." (*Id.*) *Compare River States Truck & Trailer, Inc. v. Daimler Vans USA LLC*, 604 F. Supp. 3d 733, 744 (W.D. Wis. 2022) ("[T]he court concludes that Daimler Vans franchised River States to sell Freightliner Sprinters, which are part of a separate line-make than the Mercedes-Benz Sprinters distributed by Mercedes.") *with Fyda Freightliner Cincinnati, Inc. v. Daimler Vans USA LLC*, No. 2:21-CV-5077, 2022 WL 2073394, at *6 (S.D. Ohio June 9, 2022) ("*Fyda I*") (Granting Daimler's Motion to Dismiss because "the Freightliner Sprinters and Mercedes-Benz Sprinters are different line-makes.").

The Western District of Wisconsin further rejected River States' arguments as follows:

> In this case, the relevant information concerning the fair market value and pecuniary loss of River States' franchises would be River States' own records and those of other Freightliner Sprinter dealerships, which Mercedes obviously does not have. **Nothing about a Mercedes Benz Commercial Vehicle Franchise is relevant to the instant lawsuit: it would be an apples-to-oranges comparison on every level.** River States' insistence to the contrary evinces an almost vindictive, scorched-earth response to its loss in the previous lawsuit. **In *this* case, all discovery from or about MUSA, MBCV and the Mercedes-Benz Sprinter is off-limits to River States.**
>
> Further, to the extent that the parties agree that certain types of information are relevant but disagree as to the temporal scope, **Daimler Vans is correct that the relevant dates are the August 17, 2020 line-make termination date and the February 28, 2022 termination date of River States' last dealer agreement with Daimler Vans. Evidence after the later date is not relevant and therefore not discoverable.**

(ECF No. 72-2 at PAGEID # 1013 (emphasis added).)

8

In *River States*, the Western District of Wisconsin clearly established that its holding was limited to that case, and this Court recognizes that the *River States* decision is not binding on this Court. That said, this Court completely agrees with the Western District of Wisconsin's analysis in *River States* and does not hesitate to apply it to the analogous disputes between the parties here. First, for example, it similarly seems to this Court that Fyda not yet accepted this Court's ruling in *Fyda I*, in which the Court clearly found that "the Freightliner Sprinters and Mercedes-Benz Sprinters are different line-makes." *Fyda I*, 2022 WL 2073394, at *6. While Fyda submits that it "is not seeking the information . . . to relitigate the line-make issue already decided in [*Fyda I*]," and is instead merely "seeking this information to determine the market and economic conditions that would have affected Fyda's future profits and good will value," Fyda fails to support this claim. (ECF No. 60 at PAGEID # 764.) Fyda urges that "even general information regarding the commercial van market in which the Freightliner Sprinter van product competed is relevant to the fair market value of Fyda's Freightliner Sprinter franchises," and argues that information related to Mercedes' Sprinter van sales "is particularly relevant to the fair market value calculation of Fyda's Sprinter franchises" because they were "interchangeable," both "produced in the same factory," and "distributed . . . using the same allocation methodology." (ECF No. 60 at PAGEID ## 768-769.)

But these arguments fall flat, for the same reasons River States' similar arguments failed in *River States*. As that Court explained, the relevant information for determining the fair market value and pecuniary loss of Fyda's franchises would be Fyda's own records and those of other Freightliner Sprinter dealerships – not the "general information regarding the commercial van market in which the Freightliner Sprinter van competed." (ECF No. 72-2 at PAGEID # 1013.) As the *River States* Court further explained, "[n]othing about a Mercedes Benz Commercial

9

Vehicle Franchise is relevant to the instant lawsuit: it would be an apples-to-oranges comparison on every level." (*Id.*) This Court agrees, and it will not permit Fyda to pursue irrelevant discovery from Daimler or Mercedes Benz.

Separately, as was also the case in *River States*, the parties agree that Daimler owes Fyda certain discovery but they dispute the temporal scope of that discovery. (*Compare* ECF No. 31 at PAGEID ## 144-145 (seeking to compel information from January 1, 2015 to the present) *with* ECF No. 44 at PAGEID ## 262-263 (arguing that any documents or information after September 16, 2021 are irrelevant).) But once again, as in *River States*, Daimler is correct. As Daimler properly notes, the relevant dates for determining fair market value are established by both Ohio and Pennsylvania state law relative to the date on which the manufacturer announces the action which results in the termination or nonrenewal of the franchise. *See* Ohio Rev. Code § 4517.542(A)(6)(a) (requiring a manufacturer to pay "fair market value of the franchise that is at least equivalent to ***the fair market value of the franchise on the day before the manufacturer announces the action*** that results in termination, cancellation, discontinuance, or nonrenewal") (emphasis added), 63 Pa. Stat. § 818.313(a)(2)(ii) (requiring a manufacturer or distributor to pay "***the fair market value . . . on the date the manufacturer or distributor announces the act*** that results in the termination or nonrenewal of the franchise or the date on which the notice of termination of nonrenewal of the franchise is issued.") (emphasis added).[2]

Fyda disregards these statutes, however, and argues that discovery beyond these dates is necessary because "[k]nowing the extent to which Sprinter van dealerships have actually grown since the valuation dates will help Fyda discover what the expectations of future profits for

---

[2] Fyda does not dispute that under these statutes, the valuation dates would be August 17, 2020 (in Ohio) and September 16, 2021 (in Pennsylvania). (*See* ECF No. 60 at PAGEID # 768.)

Sprinter van franchises were as of those dates." (ECF No. 60 at PAGEID # 768.) But this approach thwarts the Ohio and Pennsylvania statutes, because a prospective buyer evaluating the fair market value on those statutory valuation dates would not have information about actual future profits.[3] Fyda's argument also improperly rests, yet again, on the premise that an all-encompassing "Sprinter franchise" exists in the first place – a false premise this Court rejected in *Fyda I* by acknowledging that "the Freightliner Sprinters and Mercedes-Benz Sprinters are different line-makes." *Fyda I*, 2022 WL 2073394, at *6.

Fyda has therefore failed to show how any discovery related to Mercedes-Benz is relevant, or why discovery beyond the statutory valuation dates is appropriate. This ends the inquiry.[4] Accordingly, the Court **ORDERS** as follows:

- Defendants and Counterclaim Plaintiffs' Motion for Telephone Conference to Compel Discovery, ECF No. 31 is **DENIED**, and Daimler Vans USA LLC's Motion for a Protective Order, ECF No. 44 is **GRANTED**, insofar as Defendants are **PROHIBITED** from taking any discovery related to Mercedes-Benz USA, LLC, the Mercedes-Benz Sprinter, or the Mercedes-Benz Commercial Vehicle dealer network,

---

[3] Not surprisingly, the *River States* Court rejected River States' similar attempt to extend a valuation date beyond that set by Wisconsin statute. (*See* ECF No. 72-2 at PAGEID # 1013 ("Further, to the extent that the parties agree that certain types of information are relevant but disagree as to the temporal scope, Daimler Vans is correct that the relevant dates are the August 17, 2020 line-make termination date and the February 28, 2022 termination date of River States' last dealer agreement with Daimler Vans. Evidence after the later date is not relevant and therefore not discoverable.").)

[4] Despite being dissatisfied with Daimler's discovery responses to "[all] of Fyda's interrogatories" and "19 out of 24 requests for production," Fyda only moved to compel responses to discovery requests which implicated Mercedes-Benz vehicles and/or the Mercedes-Benz Commercial Vehicle dealer network, and which went beyond the statutory valuation dates. (ECF No. 31 at PAGEID ## 142-143, 146.) The Court will not compel responses to discovery requests beyond those for which Fyda specifically sought relief.

and Defendants are **PROHIBITED** from taking any discovery on matters after September 16, 2021;

- Non-Party Mercedes-Benz USA, LLC's Motion to Quash Defendants' Subpoena, ECF No. 45 is **GRANTED**, and Defendants' subpoena served on non-party Mercedes-Benz USA, LLC is **QUASHED**; and

- Plaintiff Daimler Vans USA, LLC's Motion for Leave to File Supplemental Memorandum Discussing New Authority in Further Support of its Motion for Protective Order and Response to Defendants' Motion to Compel, ECF No. 72 is **GRANTED**.

Given these rulings, the Court must also consider whether to award Daimler its associated fees under Rule 37(a)(5), which states in pertinent part as follows:

> If [a motion to compel discovery] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).  While the Court agrees with Daimler that Fyda's discovery requests are beyond the scope of permissible discovery, the Court does not find it appropriate to award fees associated with the subject briefing, especially given the Court's directive for the parties to engage in the subject briefing following the January 26, 2023 and February 21, 2023 Status Conferences.  *Spizizen v. Nat'l City Corp.* 516 F. App'x 426, 431 (6th Cir. 2013) ("Under Rule 37, [ ] the judge retains discretion in awarding sanctions, and it does not automatically require the awarding of sanctions when granting a motion to compel if there are 'circumstances [that] make an award of expenses unjust[.]'").  The Court therefore exercises its discretion and declines

12

to award fees or costs associated with the subject briefing. Fyda, however, is **CAUTIONED** that any further attempts to obtain discovery regarding MUSA, MBCV or the Mercedes-Benz Sprinter will not meet the same fate.

    **IT IS SO ORDERED**.

**Date: May 31, 2023**                           */s/ Elizabeth A. Preston Deavers*
                                                   **ELIZABETH A. PRESTON DEAVERS**
                                                   **UNITED STATES MAGISTRATE JUDGE**